## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Caroline L. Nemeroff

v.

Jack A. Nemeroff

July 8, 1985

Case No. (Chancery) CH-7906-C

By JUDGE AUSTIN E. OWEN

This matter was before the court on June 28, 1985, for argument upon Jack A. Nemeroff's written *Motion to Dismiss for Lack of Jurisdiction.*

Jack A. Nemeroff was personally before this court in the divorce proceeding styled as above but numbered as Chancery No. C-79-2021, and in which a final decree of divorce was entered on March 8, 1979. Included in the final decree was a provision requiring Jack A. Nemeroff, complainant, to pay the sum of $250.00 per child per month for the support and maintenance of the minor children, Caroline Christine Nemeroff and William Irving Nemeroff, "as long as said children remain in the Respondent's custody and control, and until they are emancipated, or reach eighteen years of age, *whichever first occurs.*"

The decree of March 9, 1979, also transferred all matters pertaining to child support to the Virginia Beach Juvenile and Domestic Relations District Court "for the enforcement of the decrees of this Court or for the modification or revision thereof as the circumstances may require."

On March 12, 1984, Caroline Christine Nemeroff became eighteen years of age. After Caroline Christine

Nemeroff had become eighteen years of age, her mother, Caroline L. Nemeroff, petitioned the Juvenile and Domestic Relations District Court of this city for the entry of an order requiring that Jack A. Nemeroff continue to provide support for Caroline Christine Nemeroff because she is a child of "whatever age" "who is . . . incapacitated from earning a living . . . being then and there in necessitous circumstances." (See Code of Virginia § 20-61.)

After Caroline Christine Nemeroff had become eighteen years of age, and effective July 1, 1984, the legislature amended Virginia Code § 20-107.2. Since the amendment, that section continues to authorize the Circuit Court in a divorce proceeding to "make such further decree as it shall deem expedient concerning the custody and support of the *minor* children of the parties." Subsection *1* thereof continues to set forth the factors that the court *shall* consider "in determining custody and visitation of *minor* children"; but subsection *2*, which formerly set forth the factors that the court *shall* consider "in determining the amount of support of the *minor* child or children," was amended by substituting for the quoted language, the words "in determining the amount of support of a child or children to whom a duty of support is owed pursuant to § 20-61." Counsel have not argued the effect of this amendment, and for the limited purposes of this motion, it will be assumed that on and after July 1, 1984, this court was empowered in a divorce proceeding to decree with respect to support of an adult child to whom a duty of support is owed pursuant to § 20-61.

On August 8, 1984, almost five months after Caroline Christine Nemeroff became eighteen years old, in a proceeding numbered the same as the divorce proceeding, Jack A. Nemeroff was purportedly served with a copy of a petition seeking support for his adult child and a notice of a hearing upon such petition to be held on September 4, 1984. The purported service was upon the Secretary of the Commonwealth as statutory agent of nonresident persons in accordance with Code § 8.01-329. [This letter does not relate to the issue, on appeal, as to whether due diligence was used in determining the last known address of Jack A. Nemeroff.]

Virginia Code § 8.01-328.1 permits a court to exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

> 8. Having . . . (ii) been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person;

If at the time of its order on September 14, 1984, directing Jack A. Nemeroff to pay support of $250.00 per month for his daughter, Caroline, commencing October 1, 1984, the Juvenile and Domestic Relations District Court had personal jurisdiction over Jack A. Nemeroff, it was acquired pursuant to the above quoted portion of Code § 8.01-328.1.

It appears clear that while the petition heard on September 14, 1984, related to support of a child whose support during her minority was a subject of this court's decree of March 8, 1979, the *cause of action* set forth in the petition heard on September 14, 1984, (support of an incapacitated adult child in necessitous circumstances) did not in anywise *arise* from this court's order of March 8, 1979, or from an order for child support of any other court of this Commonwealth having in personam jurisdiction over Jack A. Nemeroff.

It follows that the Juvenile and Domestic Relations District Court did not on September 14, 1984, have personal jurisdiction over Jack A. Nemeroff by virtue of service upon the Secretary of the Commonwealth and the order of September 14, 1984, requiring that Jack A. Nemeroff support his daughter for the period of time commencing October 1, 1984, is void for lack of jurisdiction over Mr. Nemeroff. There is no evidence that Jack A. Nemeroff received the notice forwarded by the Secretary of the Commonwealth at any time prior to the hearing of September 14, 1984.